IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | Criminal No. 03-20468-Ma |
| TERRY GARNER, | * | |
| BLUE LIGHT STUDIO, INC., | * | |
| Defendants. | * | |

## PRELIMINARY ORDER OF FORFEITURE

In Indictment Number 03-20468-Ma, the United States sought forfeiture of specific property of defendants, Terry Garner and Blue Light Studio, Inc., pursuant to 18 U.S.C. § 982. On January 10, 2005, a jury verdict of guilty was entered as to Counts 1 through 4, 8 through 16, 19 through 46, and a special verdict of guilty to the forfeiture in Count 52 of the Indictment.

Accordingly, it is **ORDERED**:

1.   Based upon the jury's guilty verdict as to Counts 1 through 4, 8 through 16, 19 through 46, and a special verdict of guilty to the forfeiture in Count 52 of the Indictment Number 03-20468-Ma, the United States is authorized to seize the following property belonging to defendants Terry Garner and Blue Light Studio, Inc., and his interest in it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §853(n) and Rule 32(d)(2) of the Federal Rules of Criminal

Procedure:

　　Personal property as follows:

　　　1)　COMPAQ PRESARIO CPU Model 7588, Serial Number 2D01DCW3K1FJ;

　　　2)　FARGO PRO ID CARD PRINTER Serial Number 90140140;

　　　3)　KDS FLAT SCREEN 15" COLOR MONITOR Serial Number 1554BBB19007715;

　　　4)　HEWLETT PACKARD PRINTER Model CP1160 Serial Number MY19S1V1SQ;

　　　5)　SONY DIGITAL MAVICA CAMERA Serial Number 27570;

　　　6)　SONY DIGITAL MAVICA CAMERA Serial Number 1029873;

　　　7)　POS.COM SIGNATURE PAD Model PW 1500 with Stylus Serial Number 150060044001100215;

　　　8)　POLAROID ID LAMINATOR Model 0927 Serial Number J7A;

　　　9)　Blank Identification Card Stock;

　　　10)　Laminate Covers;

　　　11)　Identification Application Forms;

　　　12)　Holograms;

　　　13)　Razors;

　　　14)　Compact Disks;

　　　15)　Floppy Disks.

All in violation of Title 18, United States Code, Section 2253.

2. The forfeited property is to be held by the United States Secret Service in its secure custody, or, as may be necessary, the Attorney General may appoint a substitute custodian.

3. Pursuant to 21 U.S.C. §853(n)(1), the United States Secret Service shall publish at least once a week for three successive weeks in a newspaper of general circulation in Shelby County, Tennessee, notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General or his delegate may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States Secret Service or his delegate may use the attached Legal Notice.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

3

5. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. §853(n)(2), which is incorporated by 18U.S.C. §982(b) and 28 U.S.C. §2461(c), for the filing of third party petitions.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 25th day of August, 2005.

SAMUEL H. MAYS, JR.
United States District Judge

PRESENTED BY:

TERRELL L. HARRIS
United States Attorney

By: CHRISTOPHER E. COTTEN
Assistant United States Attorney

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | Criminal No. 03-20468-Ma |
| TERRY GARNER, | * | |
| BLUE LIGHT STUDIO, INC. | * | |
| Defendants. | * | |

## LEGAL NOTICE

Take notice that on _____, the United States District Court for the Western District of Tennessee, Western Division, entered a Preliminary Order of Forfeiture ordering that all right, title and interest of the defendants Terry Garner and Blue Light Studio, Inc. in the following property be forfeited to the United States to be disposed of in accordance with law:

Personal property as follows:

1) COMPAQ PRESARIO CPU Model 7588, Serial Number 2D01DCW3K1FJ;

2) FARGO PRO ID CARD PRINTER Serial Number 90140140;

3) KDS FLAT SCREEN 15" COLOR MONITOR Serial Number 1554BBB19007715;

4) HEWLETT PACKARD PRINTER Model CP1160 Serial Number MY19S1V1SQ;

5) SONY DIGITAL MAVICA CAMERA Serial Number 27570;

6) SONY DIGITAL MAVICA CAMERA Serial Number 1029873;

7) POS.COM SIGNATURE PAD Model PW 1500 with Stylus Serial Number 150060044001100215;

8) POLAROID ID LAMINATOR Model 0927 Serial Number J7A;

9) Blank Identification Card Stock;

10) Laminate Covers;

11) Identification Application Forms;

12) Holograms;

13) Razors;

14) Compact Disks;

15) Floppy Disks.

All in violation of Title 18, United States Code, Section 2253.

The United States intends to dispose of this property in such matter as the Attorney General or his delegate may direct. Any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of this notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under

penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and relief sought.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 92 in case 2:03-CR-20468 was distributed by fax, mail, or direct printing on August 30, 2005 to the parties listed.

---

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Eric Scott Hall
WAGERMAN LAW FIRM
200 Jefferson Ave.
Ste. 1313
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT